N THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

RAKESHKUMAR DARJI,         :

                   :

        Plaintiff,    :

                   :

v.                    :      Case No. 4:25-cv-240-CDL-AGH

                   :

DIRECTOR, United States    :

Citizenship and Immigration Services, :

                   :

        Defendant.   :

## RECOMMENDATION OF DISMISSAL

On December 9, 2025, Defendant filed a motion to dismiss Plaintiff's claims based on a lack of subject matter jurisdiction and failure to state a claim. Def.'s Mot. to Dismiss 1, ECF No. 10. The same day, the Court notified Plaintiff of his right to respond to the motion within twenty-one days. Order 2, ECF No. 11. Plaintiff was informed that if he did not respond to the motion to rebut Defendant's legal arguments, the statements therein could be "accepted as uncontested and correct." *Id.* at 1-2. Plaintiff did not file a response to Defendants' motion. Therefore, on February 19, 2026, the Court ordered Plaintiff to show cause to the Court within fourteen days why Defendant's arguments should not be accepted as uncontested and correct, the motion to dismiss deemed unopposed, and the motion granted. Order 1, ECF No. 12. Plaintiff was warned that if he failed to respond, the claims against Defendant would likely be dismissed. *Id.* at 1-2.

The time for a response passed, and Plaintiff failed to respond to the order to

show cause or Defendant's motion to dismiss.  It is therefore recommended that Defendant's motion to dismiss be deemed uncontested, that the motion be granted, and that this case be dismissed without prejudice.  *See* Fed. R. Civ. P. 41(b)(authorizing a court to dismiss an action for a plaintiff's failure to prosecute or comply with a court order); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (affirming dismissal for failure to prosecute and comply with a court order)*; Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  Any objection should be no longer than TWENTY (20) PAGES in length.  See M.D. Ga. L.R. 7.4.  The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

Pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.   In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 27th day of March, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE